J-S37024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN CHRISTOPHER SPERL, | : | |
| | : | |
| Appellant. | : | No. 542 EDA 2019 |

Appeal from the PCRA Order Entered, January 25, 2019,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0005172-2013.

BEFORE:  BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED NOVEMBER 26, 2019**

Sean Christopher Sperl appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In Sperl's direct appeal, this Court set forth the factual background of the case as follows:

> On April 22, 2013, Sperl, Ryan Benner, Ted Stoler and Ryan Petrille attended a Philadelphia Phillies baseball game at Citizens Bank Park; during the game, Sperl consumed several alcoholic beverages, including beer and whiskey.  Afterward, Stoler drove Sperl, Benner and Petrille back to his home in Landsdale, Montgomery County.  At approximately 11:30 p.m., Sperl, Benner and Petrille left Stoler's home to drive to a nearby gentleman's club; Sperl was driving the vehicle.  After discovering the club was closed, the three men detoured to a convenience store before continuing to a different gentleman's club in Harleysville, Montgomery County.  Sperl was still driving the vehicle on the way to Harleysville; Benner sat in the front seat and Petrille sat in the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

back seat. Shortly after 12:00 a.m., on April 23, 2012, the vehicle Sperl was operating struck a telephone pole while traveling at approximately 80 miles per hour. The collision separated the front of the vehicle from the rear, with the front of the vehicle coming to rest approximately 100 feet from the telephone pole and the rear portion coming to a stop 100 feet away from the telephone pole opposite of the front portion.

After the collision, Sperl and Benner exited the front portion of the vehicle; Sperl did not remain at the scene of the accident. Ryan Petrille did not survive the collision. At approximately 12:12 a.m., police responded to a radio dispatch of a one-car accident. At approximately 3:30 a.m., during the course of the investigation, police received a report of a disturbance at a residence at 31 Sugar Hill Lane, located approximately 100 to 200 feet from the collision scene. The [residents] at 31 Sugar Hill Lane reported that Sperl had knocked on the door after awakening inside a shed located on the property. When police arrived, Sperl indicated that he thought he might have been in a crash that killed someone. Sperl was visibly injured, his eyes were glassy and bloodshot, and he had a strong odor of alcohol coming from his person and breath, but police did not perform a field sobriety test for safety purposes. After being transported to a local hospital, Sperl's blood was drawn at 4:44 a.m., which revealed a blood alcohol content of 0.175 percent.

***Commonwealth v. Sperl***, 178 A.3d 207, at **1-3 (Pa. Super. 2017) (unpublished memorandum).

Sperl was arrested and charged with homicide by vehicle,[2] accident involving death or personal injury,[3] homicide by vehicle while driving under

---

[2] 75 Pa.C.S.A. § 3732(a).

[3] 75 Pa.C.S.A. § 3742(a).

the influence,[4] driving under the influence,[5] careless driving,[6] and other related offenses. The case proceeded to trial, and, on November 6, 2015, a jury found Sperl guilty of all but the DUI-related charges. On April 15, 2016, the trial court sentenced Sperl to a term of one to two years of imprisonment for the charge of homicide by vehicle, and two to four years of imprisonment for the charge of accident involving death or personal injury. The trial court ordered that Sperl serve these sentences consecutively; therefore, Sperl received an aggregate sentence of three to six years of incarceration.

Sperl filed post-trial motions seeking reconsideration of his sentence and a new trial; the trial court denied both motions. On September 29, 2017, this Court affirmed Sperl's judgment of sentence. *See Sperl*, *supra*. He did not seek further review from our Supreme Court. Accordingly, Sperl's judgment of sentence became final on or about October 29, 2017.

On March 14, 2018, Sperl filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition alleging that (1) Sperl's trial counsel was ineffective for failing to raise a claim that the trial court engaged in double-counting of sentencing factors when imposing a sentence in the aggravated range for the offense of accident involving death or personal injury; and (2) Sperl's appellate counsel was ineffective for failing

---

[4] 75 Pa.C.S.A. § 3735(a).

[5] 75 Pa.C.S.A. § 3802(a)(1).

[6] 75 Pa.C.S.A. § 3714.

to raise the issue of whether the trial court impermissibly considered the fact that Sperl exercised his right to remain silent and his right to a jury trial in determining his sentence. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Sperl did not respond to the PCRA court's notice, and on January 25, 2019, the PCRA court entered an order dismissing the petition. Sperl filed a timely notice of appeal. Both Sperl and the PCRA court complied with Pa.R.A.P. 1925.

Sperl raises one issue in his statement of questions involved: "Did the PCRA court err when it dismissed the petition without a hearing notwithstanding the multiple instances of ineffective assistance of counsel asserted in [Sperl's] PCRA petition?" Sperl's Brief at 6.

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

> When the PCRA court has dismissed a petitioner's PCRA petition without an evidentiary hearing, we review the PCRA court's decision for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.2d 595, 604 (Pa. 2013). The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no

- 4 -

genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. *Id.* To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014).

In support the above issue, Sperl asserts two claims of ineffectiveness of prior counsel that involve the failure to raise and/or preserve certain challenges to the discretionary aspects of his sentence. More specifically, Sperl first claims that appellate counsel was ineffective for failing to preserve the claim that the trial court, in concluding that he lacked remorse for his crimes, "impermissibly punished [him] for exercising his constitutional right to a trial by jury and to remain silent when accused of a crime." Sperl's Brief at 21. Second, Sperl claims that trial counsel was ineffective for failing to preserve for appeal his claim that the trial court erred in "double-counting factors which were already contemplated by the sentencing guidelines" when the court imposed an aggravated range sentence for his accident involving death or personal injury conviction. Sperl's Brief at 23.

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally,

counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. ***Id.*** at 533.

As to the first prong, "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*). "Whether the facts rise to the level of arguable merit is a legal determination.'" ***Id.*** (citing ***Commonwealth v. Saranchak***, 866 A.2d 292, 304 n.14 (Pa. 2005).

As to the second prong of this test, counsel's strategic decisions cannot be the subject of a finding of ineffectiveness if the decision to follow a particular course of action was reasonably based and was not the result of sloth or ignorance of available alternatives. ***Commonwealth v. Collins***, 545 A.2d 882, 886 (Pa. 1988). Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-63 (Pa. Super. 2000) (citation omitted).

As to the third prong of the test for ineffectiveness, "[p]rejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." ***Stewart***, 84 A.3d at 707. "A reasonable probability 'is a probability sufficient to undermine

confidence in the outcome.'" *Id.* (quoting *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa. Super. 2006).

Finally, when considering an ineffective assistance of counsel claim, the PCRA court "is not required to analyze these [prongs] in any particular order of priority; instead if a claim fails under any necessary [prong] of the ineffectiveness test, the court may proceed to that [prong] first." *Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (citations omitted). In particular, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995).

Both of Sperl's ineffective assistance claims involve the discretionary aspects of his sentence. Our standard of review is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely be an error in judgment; rather the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shull*, 148 A.3d 820, 831-32 (Pa. Super. 2016) (citation omitted).

Because Sperl's sentence for accident involving death or personal injury was in the aggravated range, the trial court was required to articulate its

reasons for choosing to do so. **See** 42 Pa.C.S.A. § 9721(b). After hearing witnesses for the parties, and the argument of counsel, the sentencing court stated:

> I have heard many good things about [Sperl's] work ethic, his tremendous politeness and likability. He appears to have the ability to become a very successful human being. But I am truly troubled by the following aggravating factors:
>
> I, too, do not believe [Sperl] is remorseful for his conduct that caused the death of [the victim].
>
> [Sperl], you were speeding excessively late that night while a passenger begged you to slow down. But it was too late. You were unable to negotiate that curve. And the rest is history.
>
> Then, [Sperl], you ran from the scene knowing [the victim] was dead. Ryan Benner yelled to you to stay there. You knew [the victim] was dead, but you left the scene.
>
> What more can I say.

N.T., 9/15/16, at 119.

In his first claim of ineffectiveness, Sperl asserts appellate counsel was ineffective for failing to preserve on appeal his claim that the trial court improperly considered his decision to go to trial and remain silent as an indication that he lacked remorse for his crimes. In essence, Sperl claims the trial court relied upon an impermissible factor. Such a claim raises a substantial question. **See generally**, **Commonwealth v. Macias**, 968 A.2d 773 (Pa. Super. 2009).

The PCRA court found no merit to Sperl's claim:

> [Sperl] cannot prove counsel ineffectiveness because this court did not hold against [Sperl] his invocation of his rights to jury trial and to remain silent. This court is well aware of the sanctity of those rights and did not, as [Sperl] contends in the memorandum attached to his amended PCRA petition, "adopt" the statements of witnesses at the sentencing hearing regarding [Sperl's] decision to proceed to a jury trial and to remain silent. Rather, [Sperl's] own words at sentencing demonstrated his lack of remorse. He did not take responsibility for his actions and insinuated during allocution, as had been the defense at trial, that Ryan Benner had been driving at the time of the crash. Thus, because this court did not find [Sperl] lacked remorse on the basis of improper considerations, this issue is meritless and appellate counsel cannot be found ineffective for failing to raise it.

PCRA Court Opinion, 4/3/19, at 8-9 (citations omitted).

Our review of the record supports the PCRA court's conclusions. In arguing to the contrary, Sperl improperly relies upon comments by the victim's mother at sentencing. He then argues that when the sentencing court stated, "I, too, do not believe [Sperl] is remorseful," N.T. 4/15/16, at 19, the court "adopted the views of these family members and [sentenced Sperl] in the aggravated range for these impermissible and unconstitutional reasons." Sperl's Brief at 22. The PCRA court's comments cited above readily indicate that the court, at sentencing, did not adopt the victim's statements, but rather, only agreed that Sperl did not demonstrate remorse. Thus, Sperl's first ineffectiveness claim fails.

In his second issue, Sperl contends that trial counsel should have raised the claim that the trial court erred in "double-counting" sentencing factors already incorporated into the sentencing guidelines. We find this claim to

raise a substantial question. *See* Pa.R.A.P. 2119(f); *Commonwealth v. Walls*, 926 A.2d 957, 967 (Pa. 2007).

In rejecting this claim, however, the PCRA court explained:

> [T]his court did not double-count conduct when fashioning the sentence for the offense of accident involving death or personal injury, as alleged by [Sperl]. This offense, codified at 75 Pa.C.S. § 3742(a), provides that:
>
> > [t]he driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.
>
> *Id.*
>
> Here, while aware of the applicable sentencing guidelines, this court set forth on the record the bases for the sentence imposed for [Sperl's] violation of § 3742(a). *See* N.T., 4/15/16, pp. 118-120. In particular, this court noted that the accident from which [Sperl] fled occurred as a result of his speeding late at night while a passenger begged him to slow down. *Id.* at 119. This court further acknowledged that [Sperl] not only left the scene, but he also did so despite pleas from Ryan Benner to return. *Id.* These statements provide an appropriate basis for the aggravated-range sentence imposed, and [Sperl] cannot demonstrate that he would have achieved a reduced sentence on direct appeal had the issue been preserved by trial counsel. This issue, therefore, is meritless and trial counsel cannot be deemed ineffective for having failed to include it in a post-sentence motion.

PCRA Court Opinion, 4/3/19, at 6-7.

Our review of the record supports this conclusion. Sperl claims that the trial court "double-counted" as sentencing factors, elements of the crime because "he must have known that there had been an accident and that someone was injured or dead," and because he was driving at an excessive speed. Sperl's Brief at 24. We disagree. A review of the comments above readily indicates that the trial court properly considered the particular facts that caused the accident, and the fact that Sperl fled the scene despite his companion's request that he stay. **See Commonwealth v. Dotter**, 589 A.2d 726, 731-32 (Pa. Super. 1991) (explaining that facts regarding the nature and circumstances of the offense that are not elements of the crime are properly considered when determining whether to depart from the guidelines).

In sum, because Sperl has not established his ineffective assistance of counsel claims, the PCRA court did not err in denying his PCRA petition without a hearing. **Blakeney**, **supra**. We therefore, affirm the court's order denying Sperl post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/19

- 11 -